UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 24, 2005[*]
Decided October 31, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-2030

| | |
|---|---|
| EDGAR SOLACHE,<br>　　*Plaintiff-Appellant,*<br><br>　　　v.<br><br>NISSAN FORKLIFT CORP.,<br>　　*Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division<br><br>No. 03 C 50077<br><br>Philip G. Reinhard,<br>*Judge.* |

## O R D E R

Edgar Solache, a male of Mexican descent, sued his former employer Nissan Forklift Corporation ("NFC") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. NFC fired Solache for "gross misconduct," but Solache alleges that his termination was actually the result of race and sex discrimination. The district court granted summary judgment for NFC, finding

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

that Solache failed to establish either a *prima facie* case of discrimination or that NFC's stated reason for his discharge was pretextual. We affirm.

Solache began working for NFC in December 1999 as a Materials Handler, and was promoted several times. The year after he was hired, Solache was assigned to a new supervisor who, according to Solache, did not treat him as well as other employees. Solache claims that after two years the new supervisor pressured him into a "cycle counter" position, but he resisted because he feared he would not have as much job security in the new position.

Shortly after Solache moved to the cycle counter position, Elias "Vicente" Fernandez, a temporary NFC employee, asked Solache to recommend him for the Materials Handler position, but Solache refused. According to Solache, his refusal exacerbated their relationship, and they frequently had verbal confrontations. Solache's supervisors subsequently instructed him to avoid any further contact with Vicente. Despite these instructions, Solache and Vicente had another confrontation involving threats and name calling. The human resources department investigated this incident and decided to terminate both men.

Solache brought this action against NFC, alleging that his termination was based on race and sex. The district court granted summary judgment in favor of NFC. Finding no direct evidence of discrimination, the court analyzed Solache's claims under the indirect burden-shifting method, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), which requires a plaintiff to show, among other things, that similarly situated employees outside of his protected group were treated more favorably. The court determined that the employees identified by Solache had not engaged in similar conduct. Alternatively, the court concluded that Solache did not show that NFC's reason for his discharge was pretextual.

On appeal Solache challenges the district court's determination that he failed to identify similarly situated employees. Solache points to five employees whom he claims were engaged in similar conduct to his but were not terminated. He also contends that NFC's stated reason was a pretext because their investigation was too inadequate to make any determination about his conduct.

Because NFC has advanced a legitimate nondiscriminatory reason for Solache's termination–violating direct instructions from his supervisors–which is supported by the record, the key question is whether Solache can demonstrate pretext. *Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 732 (7th Cir. 2001). To meet his burden of demonstrating that NFC's reason for terminating him was pretextual, Solache must establish more than just that NFC was mistaken, he must show their stated reason is a lie. *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005). His argument is difficult to ascertain, but he appears to suggest that NFC

could not actually have based their decision to terminate Solache on the incident with Vicente because their investigation was so inadequate they could not have been sure what really happened.

To show the inadequacy of the investigation, Solache first points to discrepancies between the deposition testimony of the person who conducted the investigation, Mark Trotter, and that of Galvez, a witness to the incident. Trotter and Galvez disagreed about how many times Galvez was interviewed during the investigation. But conflicting testimony about the number of interviews in the investigation does not effect whether NFC honestly believed the result of the investigation. *See Little v. Ill. Dep't. of Revenue*, 369 F.3d 1007, 1013 (7th Cir. 2004).

Solache also argues that NFC was not correct about the reason it terminated him because Galvez gave faulty information during the investigation. But whether the results of the investigation were accurate is irrelevant as long as NFC honestly believed its conclusions when it decided to terminate Solache. *Little*, 369 F.3d at 1012. Because the evidence offered by Solache does not suggest NFC lied about its reasons for terminating him, the district court correctly determined there is not a genuine issue of fact as to pretext.

Accordingly, we AFFIRM the judgment of the district court.